IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE HAMILTON, | ) | No. C 11-0227 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR DEFAULT JUDGMENT; |
| v. | ) ) | GRANTING STAY OF DISCOVERY; DENYING |
| J. RHOADS, et al., | ) ) | MOTION FOR PRELIMINARY INJUNCTION; GRANTING |
| Defendants. | ) ) | EXTENSION OF TIME TO FILE OPPOSITION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants Rhoads, Chu, Talanoa, Boyett, and Hedgpeth, having appeared in this action and shown good cause for not appearing earlier, plaintiff's motion for default judgment is DENIED.

Defendants Talanoa, Boyett, and Hedgpeth have filed a motion to dismiss this action on the ground that plaintiff has failed to exhaust the claim against them, and failed to state a claim. They now seek to stay discovery pending a ruling on the motion. A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. See Panola Land Buyers Ass'n. v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); see also Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). In Lowery v. F.A.A., the Eastern District of California set forth a two-pronged test to determine whether a protective order should issue, staying discovery. 1994 WL 912632, *3 (E.D. Cal. 1994). First, a pending motion must be

1  potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is
2  directed.  See Panola, 762 F.2d at 1560.  And, second, the court must determine whether the
3  pending dispositive motion can be decided absent discovery.  See Lowery, 1994 WL 912632 at
4  *3.  Here, defendants satisfy both requirements.  First, their motion to dismiss, if meritorious, is
5  potentially dispositive of the case, as it relates to them.  Second, any discovery is unnecessary for
6  resolution of the motion.  Accordingly, the court GRANTS defendants' motion for a stay of
7  discovery until disposition of defendants' motion to dismiss.  If, after the court's ruling, the
8  motion has not disposed of this action, the court will lift the stay.
9      Plaintiff has filed a renewed emergency motion for preliminary injunction.  In his motion,
10 he alleges that defendants have prevented him from being medically assessed, or, that they
11 attempted to harm him during transportation to any medical appointments.  (Mot. at 2.)  Plaintiff
12 states that in 2007, he was recommended for placement at the California Medical Facility "for
13 proper and therapeutic care."  (Id.)  He claims that, based on his deteriorating spinal condition,
14 he is permanently confined to a wheelchair.  (Id.)  Plaintiff moves for an order prohibiting
15 defendants from keeping him at Salinas Valley State Prison, and immediately transferring him to
16 the California Medical Facility.  (Id. at 4.)
17     "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
18 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
19 balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
20 Natural Resources Defense Council, Inc., 129  S. Ct. 365, 374 (2008).  In Winter, the Court
21 rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction
22 based on the "possibility" of irreparable injury, determining that the movant must demonstrate
23 that irreparable injury was likely to obtain a preliminary injunction.  Id. at 375; see also
24 American Trucking Association v. Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (Winter
25 standard replaces the previous tests for preliminary injunctions that had been used in the Ninth
26 Circuit).  Winter did not, however, completely reject the validity of the sliding scale approach to
27 preliminary injunctions.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1132, 1134 (9th
28

Order Denying Motion for Default Judgment; Granting Stay of Discovery; Denying Motion for Preliminary
Injunction
C:\Users\allenc\AppData\Local\Temp\fz3temp-1\Hamilton227misc.wpd  2

1  Cir. 2011). Under the "sliding scale" approach used in the Ninth Circuit – also dubbed the
2  "serious question" test in <u>Alliance for Wild Rockies</u> -- "the elements of the preliminary
3  injunction test are balanced, so that a stronger showing of one element may offset a weaker
4  showing of another." <u>Id.</u> at 1131. Thus, even after <u>Winter</u>, "serious questions going to the
5  merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an
6  injunction, assuming the other two elements of the <u>Winter</u> test are also met." <u>Id.</u> at 1132
7  (citations and internal quotation marks omitted).

       In his complaint, plaintiff argues that defendants were deliberately indifferent to his medical needs by failing to provide him adequate medical treatment, and specifically, failing to provide him adequate pain relief in the form of methodone. Plaintiff also makes a conclusory statement that defendant Nurse Rhoads knew about, but disregarded, a previous doctor's recommendation in 2007 that plaintiff be medically transferred to California Medical Facility for "proper medical and therapeutic care." (Compl. at 12-13.)

       Although plaintiff's allegations in his complaint state a cognizable claim for relief, he has not satisfied the <u>Winter</u> factors. In plaintiff's motion, he makes no mention about defendants' failure to provide him with pain medication -- the gravamen of his federal complaint -- much less how he is likely to succeed on the merits of that claim. Based upon the allegations in the complaint, it is unclear if plaintiff is being denied all pain medication, or just is desiring methodone to treat his pain. Where plaintiff is merely disagreeing with the physician on how he is being treated he would be unlikely to prevail on the merits of his claim. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1355 (9th Cir. 1981). Additionally, plaintiff is contending that he is not being provided the treatment that was recommended, i.e., the transfer to California Medical Facility. The mere difference in opinion between medical providers as to the treatment provided, however, is insufficient to allow plaintiff to prevail in this action. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

       The court recognizes that it is plaintiff's position that this is not merely a difference of opinion between him and his doctor, or between medical providers, but his opinion of the action

Order Denying Motion for Default Judgment; Granting Stay of Discovery; Denying Motion for Preliminary Injunction
C:\Users\allenc\AppData\Local\Temp\fz3temp-1\Hamilton3227misc.wpd

3

1  is not sufficient to issue a preliminary injunction.  The question must be decided based upon the
2  evidence before the court.  Plaintiff has not sufficiently satisfied the <u>Winter</u> factors to warrant the
3  extraordinary remedy of an injunction.  Accordingly, plaintiff's emergency motion for a
4  preliminary injunction is DENIED without prejudice.

5        The court notes that plaintiff alleges he has yet to receive a copy of defendants' motion to
6  dismiss (docket no. 25).  Defendants are directed to mail another copy of their motion and
7  accompanying attachments to plaintiff.  The court sua sponte grants plaintiff an extension of time
8  to file his opposition.  No later than **thirty (30) days** from the filing date of this order, plaintiff
9  shall file his opposition to defendants' motion to dismiss.  Defendants shall file their reply
10 **fifteen (15) days** thereafter.

11       This order terminates docket numbers 26, 28, and 33.

12       IT IS SO ORDERED.
13 DATED: _____

                                                                                      RONALD M. WHYTE
14                                                                                       United States District Judge

15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HAMILTON,

        Plaintiff,

v.

RHOADS et al,

        Defendant.

Case Number: CV11-00227 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugene Hamilton T-33081
Salinas Valley State Prison
CA State Prison-Salinas
P O Box 1050
Salinas, CA 93960-1050

Dated: October 25, 2011

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk