IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE HAMILTON, | ) | No. C 11-0227 RMW (PR) |
| Plaintiff, | ) ) | ORDER ADDRESSING PENDING MOTIONS |
| v. | ) ) | |
| J. RHOADS, et al., | ) ) | (Docket Nos. 38, 39, 40, 41, 44, 49, 53) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Defendants have filed a motion to dismiss for failure to exhaust, which has now been fully briefed by the parties.  The motion is submitted and under consideration.

Pending before the court are several other motions that are addressed below.

I.      Motion requesting appointment of an expert medical witness

Plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for appointment of a medical expert in order to assist the court in determining whether there is a need for the immediate medical transfer of plaintiff to another facility before irreparable harm occurs.

Pursuant to Rule 702 of the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.  Under

1  Rule 706, the court may on its own motion, or on the motion of a party appoint an expert
2  witness. Fed. R. Evid. 706(a).
3       At this point in the proceedings, it is premature to decide whether appointment of a
4  medical expert is warranted. Specifically, until the court has had the opportunity to review
5  arguments and evidence submitted by the parties on a motion for summary judgment, no
6  determination can be made that the issues are so complex as to require the testimony of an expert
7  to assist the trier of fact. Accordingly, plaintiff's motion for appointment of a medical expert
8  will be DENIED as premature. This denial is without prejudice to renewal, once a motion for
9  summary judgment has been submitted and considered.

10  II.    Motion for entry of default judgment

11       Plaintiff moves for an entry of default judgment. He argues that defendants' dispositive
12  motion was due on July 5, 2011. However, defendants submitted a motion for an extension of
13  time on June 29, 2011. On July 5, 2011, the court had not yet granted defendants' request for an
14  extension of time, and defendants did not file their dispositive motion. Thus, concludes plaintiff,
15  the court should enter a judgment of default against them.
16       Ultimately, the court did grant defendants' an extension of time to file their motion, and
17  deemed defendants' July 22, 2011 dispositive motion timely filed. Accordingly, plaintiff's
18  motion is DENIED.

19  III.    Motion to compel discovery

20       Plaintiff moves for an order compelling discovery. Defendants have filed an opposition,
21  and plaintiff has filed a reply. However, on October 25, 2011, the court issued an order staying
22  all discovery until disposition of defendants' pending motion to dismiss. Accordingly, plaintiff's
23  motion to compel is DENIED without prejudice to renewal should the stay be lifted, and the
24  parties discovery they cannot resolve their discovery disputes without court intervention.

25  IV.    Motions for sanctions

26       Plaintiff has filed two motions for sanctions against defense counsel. Monetary sanctions
27  may be imposed pursuant to 28 U.S.C. § 1927, which is aimed at penalizing conduct that
28  unreasonably and vexatiously multiplies proceedings, or the court's inherent power. Fink v.

Order Addressing Pending Motions
P:\pro-se\sj.rmw\cr.11\Hamilton227misc2    2

1  Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  Sanctions also may be imposed under the court's
2  inherent power upon a showing of bad faith, which includes reckless conduct combined with an
3  additional factor such as frivolousness, harassment, or an improper purpose.  See id. at 994
4  (court had inherent power to sanction attorney who made reckless misstatements of fact and law
5  for the improper purpose of attempting to gain a tactical advantage in another case).

6       First, plaintiff moves for sanctions based on his allegation that defense counsel was
7  purposely withholding a copy of their motion to dismiss.  In opposition, defense counsel argued
8  that she mailed a copy to plaintiff the same day that the motion was filed, and again on
9  September 16, 2011.  Plaintiff did not respond to the opposition.  The evidence proffered is
10 nowhere close to demonstrating bad faith.  Plaintiff's first motion for sanctions is DENIED.

11      Similarly, in plaintiff's second motion for sanctions, he alleges that defense counsel
12 purposefully disregarded the truth in a response to one of his interrogatories propounded to
13 defendant J. Rhoads.  Specifically, plaintiff asked Rhoads whether she was a defendant in any
14 other civil action that complained that she exhibited deliberate indifference to serious medical
15 needs.  In response, Rhoads objected to the interrogatory.  In the alternative, Rhoads answered
16 that she was not.  Plaintiff attaches the complaint of a civil rights action originating in the
17 Eastern District of California in which Rhoads is named as a defendant in a medical action.
18 While Rhoads' negative response appears to be inaccurate, plaintiff does not meet his burden of
19 showing that the response was anything more than an oversight or carelessness, neither of which
20 is a ground for sanctions.  Plaintiff's second motion for sanctions is DENIED.

21 V.    Motion for extension of time
22      Plaintiff's motions for an extension of time to file an opposition is GRANTED.
23 Plaintiff's January 17, 2012 opposition is deemed timely filed.
24      This order terminates docket numbers 38, 39, 40, 41, 44, 49, and 53.
25      IT IS SO ORDERED.
26 DATED: _____
27                             RONALD M. WHYTE
                            United States District Judge
28