IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE HAMILTON, | ) | No. C 11-0227 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR PRELIMINARY |
| v. | ) ) | INJUNCTION; DENYING MOTION TO COMPEL; |
| J. RHOADS, et al., | ) ) | GRANTING MOTION FOR EXTENSION OF TIME |
| Defendants. | ) ) | (Docket Nos. 57, 64, 68, 70) |

Plaintiff, a state prisoner proceeding pro se, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983. The court ordered service upon defendants, finding that plaintiff stated a cognizable claim that prison officials exhibited deliberate indifference to his serious medical needs. Plaintiff has filed a motion for preliminary injunction and motion to compel. Defendants have filed a motion for summary judgment, and plaintiff has filed a motion for an extension of time to file his opposition, and to complete discovery.

**BACKGROUND**

In its order of service, the court found that plaintiff stated a cognizable claim of deliberate indifference to his serious medical needs. On March 30, 2012, the court granted defendants' motion to dismiss, and dismissed defendants Boyett, Hedgpeth, and Talanoa. On May 29, 2012, the remaining defendants – J. Chu, I. Lorico, J. Rhoads, and C. Shytle – moved

for summary judgment.

## DISCUSSION

A.     <u>Motion for Preliminary Injunction</u>

According to plaintiff, he was placed in administrative segregation on October 4, 2011 after being charged with possession of an inmate manufactured weapon. (Mot., Ex. A.) He was to remain in administrative segregation until March 26, 2012, based on the request of the Institutional Classification Committee, so that it could complete the "RVR" and "DA" process. (<u>Id.</u>, Ex. B.) Plaintiff filed three grievances requesting his legal property. (<u>Id.</u>, Exs. D, E, F.) It is not clear to the court whether plaintiff received responses to those grievances. At some point, plaintiff learned that his property was being impounded at the "R & R" and plaintiff then requested access to his property from the "R & R" sergeant. (<u>Id.</u>, Exs. G, I.) The sergeant responded that plaintiff was allowed access to his legal materials, but "per inst[itutional] procedure [plaintiff's] unit must make arrangements for [plaintiff] to be brought to R & R for reviewing legal materials. (<u>Id.</u>, Ex. I.) Plaintiff filed a motion for preliminary injunction to prevent defendants from continuing to impound his legal property.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 374 (2008). In <u>Winter</u>, the court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate that irreparable injury was likely to obtain a preliminary injunction. <u>Id.</u> at 375; <u>see also</u> <u>Lopez v. Brewer</u>, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.") (internal quotation omitted). <u>Winter</u> did not, however, completely reject the validity of the sliding scale approach to preliminary injunctions. <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1132, 1134 (9th Cir. 2011). Under the "sliding scale" approach used

in the Ninth Circuit – also dubbed the "serious question" test in Alliance for Wild Rockies – "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id. at 1131. Thus, even after Winter, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Id. at 1132 (citations and internal quotation marks omitted).

Plaintiff's motion for preliminary injunction must be denied for several reasons. Plaintiff's complaint claims that defendants have been deliberately indifferent to his serious medical needs by failing to provide him with pain medication. However, plaintiff's motion for preliminary injunction fails to argue how he is likely to succeed on the merits of his federal claim. Because plaintiff has failed to provide even a modicum of evidence that he has a fair chance of success on the merits, or that there are questions serious enough to require litigation, the court declines to analyze whether plaintiff would suffer irreparable injury. See Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2009).

Moreover, plaintiff's exhibits show that the remaining defendants in this lawsuit were not those involved in impounding plaintiff's property, nor does it appear that the remaining defendants have control over the decision of returning the property or allowing plaintiff access to the property. The court is without jurisdiction to issue or enforce an injunction against non-parties. In re Estate of Ferdinand Marcos, 94 F.3d 539, 545 (9th Cir. 1996).

Accordingly, plaintiff's motion for preliminary injunction is denied.

B.   Motion to Compel

On May 24, 2012, plaintiff filed a motion for an order compelling discovery. In his original discovery request, he asked for production of several items, and asserts that defendants have failed to provide him with the relevant documents.

First, plaintiff requested all reports, reprimands, forced leaves of absence, and employment reductions in pay against defendant Chu for deprivation of medical care. In their second supplemental response, after asserting various objections, defendants proffer that there

are no documents responsive to plaintiff's request. (Dkt. No. 64, Ex. C2.) Thus, there is no discovery relevant to this request to compel. A court cannot order a party to produce documents that do not exist. Plaintiff's suspicion that additional documents exist does not justify a motion to compel. See e.g., Bethea v. Comcast, 218 F.R.D. 328, 329 (D.D.C. 2003) (a party's suspicion that another party has failed to respond to document requests does not justify compelled inspection); Alexander v. Federal Bureau of Investigation, 194 F.R.D. 305, 311 (D.D.C. 2000) (a party's mere suspicion that its opponent must have documents that it claims not to have is insufficient to warrant granting motion to compel).

Second, plaintiff requested all reports or CDCR 602 grievances or complaints against Chu or Lorico alleging deliberate indifference. Third, plaintiff has also requested the names, prison numbers, and location of inmates or other people alleging deliberate indifference against Chu and Lorico. Defendants responded, inter alia, that these requests violate various privacy concerns and privileges, and are overbroad. (Dkt. No. 64, Ex. C2.) Moreover, the defendants argue that these requests are overly burdensome any such "reports" or grievances are grouped by inmate, and not by prison officials. In order for defendants to locate all of the responsive documents, defendants would have to conduct a search of all inmate grievances during the time of defendants' employment. (Opp. to MTC, Decl. Wrosch, Exs. G, H.) The court agrees that plaintiff's request is overbroad and unduly burdensome. A request for "all reports" alleging "deliberate indifference" encompasses a large array of possible information, not all of which is reasonably calculated to lead to the discovery of admissible evidence. Parties are not required to produce discovery if it would be unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff has not demonstrated that his discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Other acts may demonstrate motive or intent. Fed. R. Civ. P. 404(b). However, plaintiff has not demonstrated that he seeks this evidence for anything other than to reflect negatively on defendants' character, which is inadmissible. Fed. R. Civ. P. 404(a). Thus, the court will not compel discovery of these requests.

Fourth, plaintiff requested an organizational chart for SVSP plus in depth post orders

from the warden's office, chief deputy warden, appeals coordinators from January 1, 2009, through the present. Defendants have responded that they have requested this information from the litigation coordinator of SVSP, but have not yet received any responsive documents. Again, however, plaintiff has not demonstrated that his discovery requests are reasonably calculated to lead to the discovery of admissible evidence. The court will not compel discovery of this request.

Finally, plaintiff requested copies of his October 31, 2010 grievance against Chu and his November 21, 2010 memo letter asking about the October 2010 grievance. Defendants responded that it produced what it could find. (Opp. at 9-10, Decl. Wrosch Ex. B.) Specifically, defendants provided copies of the inmate appeals tracking system from SVSP, and plaintiff's medical appeals tracking system. (Id.) Defendants also produced the only document from plaintiff that was received by the warden's office, although the document is dated November 16, 2010, rather than November 21, 2010. (Id.)

In light of the above, at this time, there is no persuasive evidence before the court that defendants have failed to comply with their discovery obligations. Consequently, plaintiff's motion to compel is DENIED.

C.  Motion for Extension of Time / Rule 56(d)

Plaintiff requested an extension of time to file an opposition to defendants' motion for summary judgment. One week later, plaintiff filed a motion requesting postponement of motion for summary judgment pending completion of discovery, which the court construes as a motion for an extension of time under Federal Rule of Civil Procedure 56(d).

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery. Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." Id. at 853-54

(district court correctly denied motion for continuance under Rule 56(f)[1] where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"); see also, e.g., Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (district court did not abuse its discretion in denying motion for continuance under Rule 56(f) where plaintiffs had already conducted a large amount of informal discovery and where they did not make clear what information was sought and how it would preclude summary judgment). Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008). A party asking for more time to conduct discovery to oppose summary judgment bears the burden of demonstrating that the evidence sought actually exists. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990). Thus, plaintiff must identify specific facts he hopes will be demonstrated by the evidence he seeks and explain how that information is essential to prevent summary judgment. Tatum v. San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff has failed to do so.

      At most, plaintiff asserts in his motion that he needs defendants to produce all prior prison grievance complaints against Chu and Lorico, presumably to demonstrate their "proclivity to engage in deliberate indifference." (Dkt. No. 70 at 2.) However, plaintiff has not demonstrated any relevance for the records sought. In addition, plaintiff has not shown that the facts are essential to oppose summary judgment. Plaintiff must prove that defendants were deliberately indifferent to his serious medical need. The medical records and/or grievances of other inmates will not shed any light on the question in this litigation. See, e.g., Holestine v. Terhune, 2003 WL 23281594, * 10 (N.D. Cal. Nov.21, 2003) (denying production of appeals of other inmates); Blue v. Grannis, 2007 WL 2758025, *3 (E.D. Cal. Sept.21, 2007) (denying

---

    [1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d).

1 motion to compel all grievances against defendant because "evidence of prior accusations
2 against defendant do not bear on any material issue in this matter"); <u>Valenzuela v. Smith</u>, 2006
3 WL 403842 (E.D. Cal. Feb 16, 2006) (rejecting argument that all complaints against defendants
4 while employed by CDC were relevant to show a pattern of deliberate indifference to medical
5 needs of prisoners).

6     Accordingly, plaintiff's motion for an extension of time under Rule 56(d) is DENIED.
7 However, because the time to file plaintiff's opposition has already passed, the court will
8 GRANT plaintiff's request for an extension of time to file an opposition. Plaintiff's opposition,
9 filed August 13, 2012, is deemed timely. Defendants' motion for summary judgment is now
10 fully briefed and submitted for decision.

11     This order terminates docket numbers 57, 64, 68, and 70.

12     IT IS SO ORDERED.

13 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HAMILTON,

        Plaintiff,

  v.

T. RHOADS et al,

        Defendant.

Case Number: CV11-00227 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugene Hamilton T-33081
Salinas Valley State Prison
CA State Prison-Salinas
P O Box 1050
Salinas, CA 93960-1050

Dated: September 17, 2012

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk